[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION REQUEST FOR ARTICULATION
This action was returned on April 2, 1991; its essence is a failure on the part of the defendant to make payment as required by a letter of credit. The defendant filed an answer and special defenses on May 6, 1991. The answer denied any default, the first special defense alleged that the defendant has been enjoined from honoring the letter of credit by this court (Hodgson, J.) on February 6, 1991 in the separate case of Putnam Riverview, et al v. Yankee Gas Services, et al, Docket Number CV91-0279020, Superior Court, Judicial District of Fairfield at Bridgeport.
Thereafter defendant moved to transfer and consolidate this matter with the Putnam Riverview case in Bridgeport. The motion stated the reason for the request in that both actions arise out of the same transaction, involve the same parties and should be tried together. After a hearing this motion was denied by Judge Burns on June 26, 1991. CT Page 3746
On June 10, 1991 the plaintiff responded to all of the plaintiffs' special defenses and claimed the matter for the jury docket and jury trial list. The reply denied the allegations of the first special defense. It described the court decision referred therein as temporary in nature and subject to the judgment of the court in the instant action.
Thereafter the defendant filed a further motion to consolidate and transfer on October 2, 1992, which was denied by the court on November 19, 1992. Subsequently the case was assigned for a jury trial commencing May 24, 1993. On February 22, 1993 defendant filed a motion for stay which the court denied on March 23, 1993.
The case is now ready for trial, the pleadings are closed, discovery is complete: The case may proceed as scheduled. The court is not bound by a temporary injunction in the Fairfield case where the primary issue is not the validity of a letter of credit issued subject to the Uniform Customs and Practice for Documentary Credits (1974 Revision) International Chamber of Commerce Publication 290 UCP. The focal issue in the Putnam Riverview case in Fairfield is whether or not Putnam Riverview was in default under the terms of an agreement with Yankee Gas, the successor to the gas distribution assets of the Connecticut Light Power Company (CLP). Pursuant to this agreement, defendant issued a letter of credit for the benefit of CLP and its successor in interest. Five other individuals joined as plaintiffs with Putnam Riverview alleging they are shareholders of Putnam Riverview and guarantors of certain obligations to UST Bank, the defendant in the subject case. In the subject case neither these five individuals nor Putnam Riverview are designated as parties. Since a contract for letter of credit is separate and distinct from the underlying contract, Armac Industries Ltd. v. Citytrust, 203 Conn. 394 (1987), Gen. Stat. 42a-5-114(a)(1), the legal and factual issues between the subject case and the Putnam Riverview differ. Because the parties and the issues are not the same, the defendant's motions 113 and 116 are denied. The defendant will suffer no prejudice in seeking a factual and legal determination in this forum without delay of whether or not that plaintiff's tender to defendant did not strictly comply with the terms of the letter of credit, that no complying tender was made by December 31, 1990. and that the letter of credit, by its terms, expired on that date. CT Page 3747
Dorsey, J.